**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Donald Andrew Driggs,                                        BKY Case No.: 08-41984

Debtor.                                                      Chapter 11

---

**AMENDED NOTICE OF HEARING AND MOTION FOR ORDER APPROVING SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR**

---

1. Donald Andrew Driggs ("Debtor"), through his undersigned counsel, makes this application for their relief requested below and gives notice herewith.

2. The Court will hold a hearing on this motion at 1:15 p.m. on June 10, 2008, in Courtroom 7 West in the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3. Any response to this motion must be mailed and delivered not later than June 5, 2008, which is three days before the time set for hearing or filed and served by mail not later than June 2, 2007, which is seven days before the hearing date. UNLESS A RESPONSE OPPOSING THE MOTION IS FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING..

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 1070-1 and 1073-1. This is a core proceeding. The petition commencing this Chapter 11 case was filed on April 24, 2008. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. §363 and Fed. R. Bank. P. 6004. This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 through 9013-3. The Debtor

121214111v1 888127

seeks relief in the form of an order authorizing it to sell a 1968 ChrisCraft boat according to the terms described below.

## MATERIAL TERMS OF AGREEMENT

6. The Debtor has reached an agreement with Peter Dahl to sell his 1968 ChrisCraft boat ("Boat"). Peter Dahl is an officer of Crown Bank, a creditor of the Debtor. The sale price is $6,000. The Debtor listed the value in his schedules at $6,500 but believes $6,000 is a fair price.

## BUSINESS REASONS FOR SALE

7. The Debtor negotiated directly with the purchasers regarding the terms of the sale. The Debtor has concluded that its best prospect for the highest sale price for the properties is the purchase price offered by Mr. Dahl. The boat is in need of repair, and $6,000 is a fair price.

8. The Debtor believes that the proposed purchase price is the highest price that the Debtor can reasonably expect to realize on the sale of the properties, and that the sale of the properties is in the best interests of the estate.

## FULFILLMENT OF SECTION 363 REQUIREMENTS

9. The Debtor is authorized under Section 363(f) of the Bankruptcy Code to sell the Property free and clear of liens because under Minnesota law, the lienholders could be compelled, in legal or equitable proceedings, to accept money satisfaction of their respective interests.

10. Debtor and Mr. Dahl negotiated the terms of the agreement at arms' length, and the Debtor believes that such terms are fair and reasonable, and that Mr. Dahl is acting in good faith for purposes of Section 363 of the Bankruptcy Code.

## NOTICE OF WITNESS

11.     Pursuant to Local Rule 9013-2, Debtor gives notice that it may, if necessary, call Donald Driggs. The address of the prospective witness is 2925 Casco Point, Wayzata, Minnesota.

WHEREFORE, Debtor moves the court for an order: (1) approving the sale of the Boat pursuant to the proposed terms described herein; and (2) granting such other relief as the Court deems just and equitable.

Dated: May 20, 2008                               HINSHAW & CULBERTSON LLP


                                    By:    /e/ Jamie R. Pierce
                                           Thomas G. Wallrich (213354)
                                           Jamie R. Pierce (0305054)
                                           Accenture Tower
                                           333 South Seventh Street
                                           Suite 2000
                                           Minneapolis, MN 55402
                                           Telephone: 612-333-3434

                                           Attorneys for Debtor

## VERIFICATION

I, Jamie R. Pierce, Attorney for the Debtor herein, hereby certify under penalty of perjury, that the statements contained in the foregoing Amended Motion for Order Approving Sale of Property of the Estate Free and Clear are true and correct to the best of my knowledge, information and belief.

Dated: May 20, 2008                     /e/ Jamie R. Pierce
                                        Jamie R. Pierce

121214111v1 888127

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

___

In re:

Donald Andrew Driggs,                                              BKY Case No.: 08-41984

    Debtor.                                              Chapter 11
___

**MEMORANDUM OF LAW**
___

Donald Andrew Driggs (the "Debtor") submits this Memorandum in support of its Motion for Order Approving Sale of Property of the Estate Free and Clear ("Motion").

## I.   STATEMENT OF FACTS

The Debtor relies on the facts as set forth in the verified Motion and incorporates same herein by this reference.

## II.   STATEMENT OF LAW

Section 363(b)(1) of the Bankruptcy Code provides that the debtor-in-possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

Section 363(f) provides that the trustee may sell property under Section 363(b) free and clear of any interest in such property of an entity other than the estate only if one of five conditions exist:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;
    (2)    such entity consents;
    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
    (4)    such interest is in bona fide dispute; or
    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Section 363 motions should typically be granted as long as the debtor articulates a valid and reasonable business judgment supporting the proposed transaction. Once the Debtor articulates a valid business justification for a proposed sale of assets of the estate, the business judgment rule presumes that in making the business decision, the debtor acted on an informed basis, in good faith, and in the honest belief that the action was in the best interest of the company. *In re SNA Nut Company*, 186 B.R. 98 (Bankr. N.D. Ill 1995).

The business judgment test is the "favored test in most jurisdictions" and has been approved by bankruptcy courts in the Eighth Circuit. *In re Audra-John Corp.*, 140 B.R. 752 (Bankr.D.Minn. 1992); *In re Huff*, 81 B.R. 531 (Bankr.D.Minn. 1988). *In re Briggs Transp. Co.*, 39 B.R. 343 (Bankr.D.Minn. 1984). When applying the business judgment rule, the courts show great deference to the debtor's decision. *In re Logical Software*, 66 B.R. 683 (Bankr.D.Mass. 1986). (A debtor's business decision "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice.'" *Logical Software*, 66 B.R. 683, at 686). The Debtor has set forth reasons in support of its decision to enter into the purchase agreements, and has satisfied its burden under Section 363.

The creditor with a security interest in the property to be sold has consented to the terms of the sale, and any others could be compelled to accept a money satisfaction of its interest. Pursuant to Section 363(f)(2) and (5), therefore, the Debtor may sell the property free and clear of liens and interests.

### III. CONCLUSION

For the foregoing reasons, the Debtor requests that the Court: (1) approve the terms of the proposed sale of the property specified in the Motion; and (2) grant such further relief as the Court deems just and equitable.

121214111v1 888127

Dated:  May 20, 2008 HINSHAW & CULBERTSON LLP

By: /e/ Jamie R. Pierce
Thomas G. Wallrich (213354)
Jamie R. Pierce (0305054)
Accenture Tower
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone:  612-333-3434

Attorneys for Debtor

7

121214111v1 888127

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                                              Case No.: 08-41984

Donald Andrew Driggs,
                                                                    Chapter 11 Case
            Debtor

## PROOF OF SERVICE

Amy E. Kulbeik, an employee of Hinshaw & Culbertson LLP, and in the course of said employment on May 20, 2008, caused the following documents:

1. Amended Notice of Hearing and Motion for Order Approving Sale of Property of the Estate Free and Clear;
2. Memorandum of Law; and
3. Proposed Order Approving Sale of Property of the Estate Free and Clear

to be served on the parties on the attached service list by enclosing true and correct copies of same in an envelope , properly addressed and postage prepaid, and depositing same in the United States mail and to be filed electronically with the Clerk of Court through ECF, and that a copy of the above-referenced documents will be delivered to the people listed below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a).

Corey J. Eilers    ndonahue@koepkelawgroup.com, mkisielius@koepkelawgroup.com
Joe M. Lozano    notice@bkcylaw.com
US Trustee    ustpregion12.mn.ecf@usdoj.gov
Sarah J Wencil    Sarah.J.Wencil@usdoj.gov
James L. Wiant    jwiant@Rnoon.com

Dated: May 20, 2008                                    /s/ Amy Kulbeik
                                                       Amy E. Kulbeik

121213956v2 888127

| | | |
|---|---|---|
| District Counsel of IRS<br>650 Galtier Plaza<br>380 Jackson Street<br>St. Paul, MN 55101 | MN Dept. of Revenue<br>Coll Enf Unit<br>551 Bky Sec., P.O. Box 64447<br>St. Paul, MN 55164 | District Director of IRS<br>30 East 7th Street<br>Stop 5700<br>Suite 1222<br>St. Paul, MN 55101 |
| US Attorney<br>300 South Fourth Street<br>#600<br>Minneapolis, MN 55415 | Internal Revenue Service<br>STOP 5700<br>30 E. 7th Street<br>Suite No. 1222<br>St. Paul, MN 55101 | Peter Dahl<br>6600 France Avenue South<br>Suite 125<br>Edina MN 55435 |
| Aurora Loan Services<br>2617 College Park<br>P.O. Box 1706<br>Scottsbluff NE 69363-1706 | Aurora Loan Services<br>10350 Park Meadows Drive<br>Littleton CO 80124 | Chase Home Finance<br>P.O. Box 78116<br>Phoenix AZ 85062 |
| Chase Manhattan Bank<br>P.O. Box 830016<br>Baltimore MD 21283-0016 | Citimortgage<br>P.O. Box 7706<br>Springfield OH 45501 | Commerce Bank<br>P.O. Box 398048<br>Edina MN 55439 |
| Crown Bank<br>6600 France Avenue South<br>Suite 125<br>Edina MN 55435 | First Nat'l Bank of the Lakes<br>2445 Shadywood Road<br>Navarre MN 55391 | Heritage Bank<br>310 1st Street SW<br>P.O. Box 1124<br>Willmar MN 56201-1124 |
| Home Federal Savings Bank<br>1016 Civic Center Drive NW<br>Suite 400, P.O. Box 6057<br>Rochester MN 55903 | Indymac Bank Home Loan<br>7700 W. Parmer Lane<br>Building D, 2nd Floor<br>Austin TX 78729 | JT & TJ Inc.<br>21 Century Avenue South<br>Saint Paul MN 55119 |
| St. Stephens Bank<br>3950 3rd Street N.<br>Saint Cloud MN 56303 | State Bank of Delano<br>1300 Babcock Blvd. East<br>P.O. Box 530<br>Delano MN 55328-0530 | Wachovia Mortgage<br>P.O. Box 659558<br>San Antonio TX 78265-9558 |
| Wells Fargo Home Mortgage<br>P.O. Box 1225<br>Charlotte NC 28201-1225 | Hennepin County Treasurer<br>A-600 Government Center<br>Minneapolis MN 55487-0060 | Kandiyohi County<br>PO Box 896<br>Willmar MN 56201-0896 |
| Wright County Auditor<br>10 Second Street NW<br>Room 232<br>Buffalo MN 55313-1194 | Amanda Porter c/o<br>Tony Johnson, Blainey &<br>Ledin<br>990 Inwood<br>Oakdale MN 55128 | Bank of America<br>P.O. Box 15726<br>Wilmington DE 19886-5726 |

2

121213956v2 888127

| | | |
|---|---|---|
| Centerpoint Energy<br>P.O. Box 1144<br>Minneapolis MN 55440-1144 | Chase<br>Cardmember Services<br>P.O. Box 94014<br>Palatine IL 60094-4014 | City Pages<br>401 North Third Street<br>Suite 550<br>Minneapolis MN 55401 |
| David Umbehocker<br>3860 Shoreline Drive<br>Wayzata MN 55391 | Marilyn Wasik<br>2925 Casco Point<br>Wayzata MN 55391 | Romer & Company<br>2318 First Avenue South<br>Minneapolis MN 55404 |
| Xcel Energy<br>P.O. Box 9477<br>Minneapolis MN 55484-9477 | | |

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

Donald Andrew Driggs,                                              BKY Case No.: 08-41984

        Debtor.                                                              Chapter 11
_____

**ORDER APPROVING SALE OF PROPERTY**
**OF THE ESTATE FREE AND CLEAR**
_____

      This matter came before the Court on a Motion for an Order Approving Sale of Property of the Estate Free and Clear ("Motion") filed by the Debtor. Appearances, if any, were noted on the record. Based upon the Motion and the file, record and proceedings in this case, the Court makes the following:

      FINDINGS OF FACT:

      1.      The purchaser named in the Motion, Peter Dahl ("Purchaser"), is a good faith purchaser entitled to the protection of Section 363(m) of the Bankruptcy Code;

      2.      In accordance with the provisions of Section 363, the property specified in the Motion may be sold free and clear of all liens, claims, and encumbrances;

      3.      The terms of the proposed sale is fair and reasonable under the circumstances, and the Debtor took reasonable steps to secure the most favorable terms for the estate;

      4.      Notice of the Motion was served in accordance with all applicable rules, including Fed.R.Bankr.P. 2002, 4001, 6004 and 9014, and Local Rules 2002-1, 2002-4, 6004-1 and 9013-1, and notice to parties in interest was timely, adequate and sufficient for purposes of Sections 102(1)m 105(a), and 363; and

8

A reasonable opportunity to be heard has been afforded to all parties in interest, including all parties who may claim a lien or security interest in any of the assets to be sold.

BASED ON THE FOREGOING FINDINGS, IT IS ORDERED:

1. The Debtor is authorized to perform according to the terms of that certain agreement to sell his 1968 ChrisCraft Boat to Peter Dahl.

2. This order constitutes a discharge and release of any and all liens on or interests in the Boat.

3. Nothwithstanding Fed. R. Bank. P. 6004(g), this Order will take effect immediately upon entry and will not be automatically stayed.

BY THE COURT:

Dated: _____

Gregory F. Kishel
U.S. Bankruptcy Judge

9

121214111v1 888127