IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 08-41984 |
| Donald Andrew Driggs, | Chapter 11 Case |
| Debtor | |

___

**DEBTOR'S RESPONSE TO COMMERCE BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR EXPEDITED RELIEF**

___

1. Donald Andrew Driggs (the "Debtor") respectfully submits this response to the expedited motion for relief from stay filed by Commerce Bank ("Movant"). The motion should be denied.

2. The Movant is incorrect that the Debtor has not made an offer of adequate protection. The Debtor has provided replacement liens in the property. Furthermore, while Movant takes issue with the Debtor's valuation of his properties, the property for which it seeks relief from the automatic stay, 3022 Hennepin (the "Theatre") is valued at $800,000 and according to Movant's own statement of facts (1) its claim is $543,902.61 and (2) it claims a first priority mortgage and (3) it apparently believes the value of the property is more than $800,000. As such, as to the Theatre, which is the only property on which Movant seeks relief from stay, Movant has the benefit of at least a $250,000 equity cushion. This equity cushion clearly provides adequate protection.

While Movant focuses on junior liens on the theatre, "it is recognized that the existence and effect of junior mortgages should not be considered when determining whether a secured creditor seeking relief from the stay is adequately protected by an equity cushion." Matter of F & M Enterprises of Manatee County, Inc., 29 B.R. 115, 117 (Bankr. M.D. Fla.,1983). Here,

Movant argues that it should be granted relief from the stay because "it lacks adequate protection." See Movant's memorandum of law a p. 2. Movant, however, has essentially admitted that its interest is in fact adequately protected, and taking Movant's valuation argument to its logical conclusion, a value greater than $800,000 provides adequate protection regardless of junior liens.

There is no "cause" to grant relief from stay because of such equity and because the Debtor is proceeding to confirmation. The remaining issues raised by Movant do not support the granting of the relief it seeks.

3. Many issues raised by the bank should be dealt with at a confirmation hearing. To support its claim of an inability to effectively reorganize, Movant relies on only two issues (1) valuation of the Theatre and (2) the absolute priority rule. See Movant's Notice of Hearing and Motion at p. 6. Movant's valuation issue is not supported by a single fact, verified or not, regarding the value of the Theatre, it never states what it believes the value is, and it apparently believes the Theatre is worth more than $800,000. Regardless, this issue should be dealt with at confirmation. Movant's reliance on the absolute priority rule is misplaced as this is an individual debtor and the rule does not apply. See 11 U.S.C. § 1129(b)(2)(B)(ii). The property is necessary for the Debtor to reorganize, as the Theatre has a potential to provide significant cash flow. Movant is obviously aware of this as it only seeks relief as to the Theatre.

4. The other issues raised by Movant are simply based on its disagreement with its treatment under the Debtor's proposed Plan. Again, this is a confirmation issue. Movant's true basis for its motion is that it is unhappy with the proposed treatment of its claims in this distressed real estate market. This is no basis on which to grant relief from stay, certainly not on

an expedited basis. Furthermore, the Debtor does intend to modify his Plan to address any valid concerns regarding the treatment of any claims.

5. Finally, the Debtor did not default in any reporting requirements to Movant. The cash collateral order provides that reports are to be provided "Upon the Secured Creditor's request" and as noted by Movant, it made such a request, incorrectly claiming a default, on August 5, 2008, and information was timely provided. The bank claimed that more information was required and rent rolls were provided on August 15, 2008. It was on such date that Movant first provided any notice that it considered the reporting incomplete, and only four days later, not after seven days to cure per the Court's order, it filed its motion

As to cash collateral, the Debtor intends to move quickly for an order approving further use of cash collateral. Since August 11, the Debtor has only spent approximately $3,000 for payments to XCEL Energy, payments to Target for food, clothing and office supplies, payments for repairs and insurance and a payment to Hennepin County for costs for an eviction action plus $4,000 for accounting fees. None of this demonstrates any material harm to any party with a valid interest in cash collateral (in prior pleadings it has been established that Movant's interest in cash collateral is disputed). Movant has not provided any actual facts, verified or not, to support its claim of "using up resources and causing wear and tear on the [Theatre]." While Movant has not described what resources could be used up, the Debtor denies any such claims and the Theatre is in the same condition it was at the commencement of the case.

6. The Debtor gives notice it may, if necessary, call Donald A. Driggs to testify with respect to the Debtor's need for the relief sought in this Motion. The address of the prospective witness is 2925 Casco Point, Wayzata, Minnesota 55391. The Debtor reserves the right to call

3

other expert witnesses regarding valuation should the Court set this matter for an evidentiary hearing.

WHEREFORE, Debtor moves the Court for an order denying the motion and granting such other relief the Court deems just and proper.

Dated: August 25, 2008

                HINSHAW & CULBERTSON LLP

By:   /e/ Jamie R. Pierce
       Jamie R. Pierce (305054)
       Joel D. Nesset (030475X)
       Accenture Tower
       333 South Seventh Street
       Suite 2000
       Minneapolis, MN 55402
       Telephone: 612-333-3434
       Fax: 612-334-8888

Attorneys for Debtor Donald Andrew Driggs

## VERIFICATION

I, Donald A. Driggs, the Debtor herein, hereby certify under penalty of perjury, that the statements contained in the foregoing Response are true and correct to the best of my knowledge, information and belief.

Dated: August 25, 2008

                Donald A. Driggs

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:  Case No.: 08-41984

Donald Andrew Driggs,

Chapter 11 Case

Debtor.

## PROOF OF SERVICE

Amy E. Kulbeik, an employee of Hinshaw & Culbertson LLP, and in the course of said employment on August 25, 2008, caused the following documents:

1. Debtor's Response to Commerce Bank's Motion for Relief from the Automatic Stay and for Expedited Relief

to be filed electronically with the Clerk of Court through ECF, and that a copy of the above-referenced documents will be delivered to the people listed below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a).

Alice A Blanco    bkmail@mccalla.com
Christopher A Camardello    ccamardello@winthrop.com
Corey J. Eilers    ndonahue@koepkelawgroup.com, mkisielius@koepkelawgroup.com
James A Geske    jgeske@wilfordgeske.com, rtipler@wilfordgeske.com;mroue-chambers@wilfordgeske.com
David G Hellmuth    dhellmuth@hjlawfirm.com
Lorie A. Klein    klein@moss-barnett.com, montpetitm@moss-barnett.com
Joe M. Lozano    notice@bkcylaw.com
James A. Rubenstein    rubenstein@moss-barnett.com, montpetitm@moss-barnett.com
US Trustee    ustpregion12.mn.ecf@usdoj.gov
Sarah J Wencil    Sarah.J.Wencil@usdoj.gov
James L. Wiant    jwiant@Rnoon.com

Dated: August 25, 2008

*Amy Kulbeik*
Amy E. Kulbeik

121221068v1 67879