UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:                                                                                  Case No. 08-41984
                                                                                         Chapter 11 Case
DONALD ANDREW DRIGGS,

                Debtor.

---

**CROWN BANK'S OBJECTION TO DISCLOSURE STATEMENT**

---

Crown Bank holds a valid perfected mortgage on the property owned by Debtor and located in Hennepin County ("3990 Sunset Drive Property"). Crown Bank also holds a valid perfected security interest in personal property owned by the Debtor ("Personal Property"). Crown Bank through its undersigned counsel objects to the accuracy and adequacy of the information in Debtor's Disclosure Statement. These objections will be heard at a hearing set for the matter on September 8, 2008 at 1:30 p.m., in Courtroom 7 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

On April 24, 2008, Donald Andrew Driggs filed a Voluntary Petition for Bankruptcy under Chapter 11 of the Bankruptcy Code. On the date of filing, Debtor was in default under a Note and Mortgage owed to Crown Bank for the 3990 Sunset Drive Property. Since filing, Debtor has failed to make any post-petition payment to Crown Bank. Additionally, the Debtor has not proposed any payments for adequate protection.

Debtor's original Petition to the Court, dated April 28, 2008, stated that the 3990 Sunset Drive property had a fair market value of $1,250,000.00. The 3990 Sunset Drive property was professionally appraised on April 3, 2008 at $1,250,000.00.

In Debtor's proposed Disclosure Statement, Debtor states "for purposes of the plan, the fair market value of the 3990 Sunset Property will be deemed to be $800,000.00." Debtor makes

this assertion regarding a dramatic change in value of the Property since the filing of its Petition without any explanation or supporting documents.

Related to Class 18 in Debtor's proposed Disclosure Statement, Debtor indicates that Debtor disputes the validity of Crown Bank's lien against the Personal Property ("Lien"). Although Crown Bank's Lien is supported by a valid perfected UCC interest, Debtor provides no explanation as to why it disputes the validity of this Lien.

Crown Bank has the following primary objections to the Disclosure Statement:

1.      That the Disclosure Statement does not contain adequate information concerning a variety of fundamental issues necessary to allow a hypothetical investor to make an informed judgment about the plan as required by 11 USC Section 1125.  Specifically, Crown Bank objects to the following portions of the Disclosure Statement as not containing adequate information:

- The Disclosure Statement does not contain adequate information concerning Debtor's perceived valuations of the properties in question.  No appraisals or independent valuations of the properties have been submitted by Debtor.

- The Disclosure Statement does not contain any financial statements of the Debtor.  As such a hypothetical investor can not determine the feasibility of the Plan or the financial condition of the Debtor.

- The Disclosure Statement does not provide an adequate explanation for why the Debtor proposed a maturity date fifteen (15) years after the effective date for Crown Bank, while also proposing contrary maturity dates for similarly situated lenders, such as CitiMortgage.

- The Disclosure Statement does not provide an adequate explanation or basis for the proposed interest rates on Crown Bank's proposed obligations.

- The liquidation analysis (Exhibit B) should describe each of the Debtor's major properties and personal assets listed with information on recent sales efforts and activities, planned outcome for each property, cost basis, and any independent valuations made of the same.  Such descriptions should list each lien by priority and amount. Without such information it is impossible to understand Debtor's assets or their value.

2. That the Disclosure Statement does not contain accurate or adequate information regarding the value of the 3990 Sunset Drive Property or the reason for the Debtor disputing the validity of Crown Bank's Lien (Class 18).

3. Because the proposed Plan cannot be confirmed, the Disclosure Statement should be rejected. The proposed Plan cannot be confirmed because the Disclosure Statement does not provide for a Plan that adequately compensates Crown Bank under the terms of its Loan Agreement. The Disclosure Statement misleadingly and inaccurately fails to provide adequate information on the value of Crown Bank's present collateral, the 3990 Sunset Drive Property. The Debtor also fails to provide any adequate information as to its reasons for disputing the validity of Crown Bank's Lien against the Personal Property. The Disclosure Statement also inequitably provides for different repayment terms for similarly situated creditors.

4. The Disclosure Statement fails to adequately address the feasibility of the Plan. The Debtor's prediction of the sources of funds to provide payments upon the Plan is based upon speculation. Additionally, the Disclosure Statement does not include any meaningful financial information of the Debtor or of the anticipated future performance of the Debtor.

Crown Bank reserves its right to raise additional objections to the Disclosure Statement or any amended disclosure statement at the Disclosure Statement hearing.

## **CONCLUSION**

The Disclosure Statement does not provide adequate information of a kind or sufficient detail, as is required by 11 USC Section 1125, which would enable creditors to make an informed judgment about the plan. For the various reasons stated above, the Disclosure Statement should not be approved.

HELLMUTH & JOHNSON, PLLC

Date: August 28, 2008.    By: */s/ Joel A. Hilgendorf*
                                    Joel A. Hilgendorf, ID #315953
                                    10400 Viking Drive, Suite 500
                                    Eden Prairie, Minnesota 55344
                                    Telephone: (952) 941-4005

                                    ATTORNEYS FOR CROWN BANK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 08-41984
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11 Case
DONALD ANDREW DRIGGS,

　　　　　　Debtor.

---

**ORDER**

---

　　At Minneapolis, Minnesota, this _____ day of September, 2008.

　　This matter came before the Court for hearing on the objections to the Disclosure Statement that was previously submitted by the Debtor. Joel A. Hilgendorf appeared for Crown Bank and Debtor appeared by his attorney, Jamie Pierce. Other appearances were noted in the record. The Court made its findings of fact and conclusions of law on the record pursuant to Rule 52 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7052.

IT IS HEREBY ORDERED:

That approval of the Disclosure Statement is denied.

　　　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Gregory F. Kishel
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:                                          Case No. 08-41984
                                                Chapter 11 Case
DONALD ANDREW DRIGGS,

           Debtor.

---

**CERTIFICATE OF SERVICE**

---

I, Marilyn S. Sauer, am an employee of Hellmuth & Johnson, PLLC, and in the course of said employment I caused the following documents:

1.     Crown Bank's Objection to Disclosure Statement; and
2.     Order.

to be served on the parties on the attached service list by enclosing true and correct copies of the same in an envelope, properly addressed and postage prepaid, and depositing the same in the United Staes mail and filed electronically with the Clerk of Court through ECF on August 29, 2008, and that a copy of the above-referenced documents will be delivered to the people listed below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a).

- Alice A Blanco     bkmail@mccalla.com
- Christopher A. Camardello    ccamardello@winthrop.com
- Corey J. Eilers    ndonahue@koepkelawgroup.com; mkisielius@koepkelawgroup.com
- James A Geske    jgeske@wilfordgeske.com, rtipler@wilfordgeske.com; mroue-chambers@wilfordgeske.com
- Lorie A. Klein     klein@moss-barnett.com, montpetitm@moss-barnett.com
- Joe M. Lozano    notice@bkcylaw.com
- Jamie R. Pierce    jpierce@hinshawlaw.com, akulbeik@hinshawlaw.com; msandback@hinshawlaw.com
- James A. Rubenstein    rubenstein@moss-barnett.com; montpetitm@moss-barnett.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov
- Thomas G. Wallrich    twallrich@hinshawlaw.com, jpierce@hinshawlaw.com; akulbeik@hinshawlaw.com; jaudette@hinshawlaw.com
- Sarah J Wencil    Sarah.J.Wencil@usdoj.gov
- James L. Wiant    jwiant@Rnoon.com

Date: August 29, 2008.                                */s/ Marilyn S. Sauer*
                                                                       Marilyn S. Sauer

District Counsel of IRS
650 Galtier Plaza
380 Jackson Street
St. Paul, MN 55101

MN Dept. of Revenue
Coll Enf Unit
551 Bky Sec., P.O. Box 64447
St. Paul, MN 55164

District Director of IRS
30 East 7th Street
Stop 5700
Suite 1222
St. Paul, MN 55101

US Attorney
300 South Fourth Street
#600
Minneapolis, MN 55415

Internal Revenue Service
STOP 5700
30 E. 7th Street
Suite No. 1222
St. Paul, MN 55101

Peter Dahl
6600 France Avenue South
Suite 125
Edina MN 55435

Aurora Loan Services
2617 College Park
P.O. Box 1706
Scottsbluff NE 69363-1706

Aurora Loan Services
10350 Park Meadows Drive
Littleton CO 80124

Chase Home Finance
P.O. Box 78116
Phoenix AZ 85062

Chase Manhattan Bank
P.O. Box 830016
Baltimore MD 21283-0016

Citimortgage
P.O. Box 7706
Springfield OH 45501

Commerce Bank
P.O. Box 398048
Edina MN 55439

Crown Bank
6600 France Avenue South
Suite 125
Edina MN 55435

First Nat'l Bank of the Lakes
2445 Shadywood Road
Navarre MN 55391

Heritage Bank
310 1st Street SW
P.O. Box 1124
Willmar MN 56201-1124

Home Federal Savings Bank
1016 Civic Center Drive NW
Suite 400, P.O. Box 6057
Rochester MN 55903

Indymac Bank Home Loan
7700 W. Parmer Lane
Building D, 2nd Floor
Austin TX 78729

JT & TJ Inc.
21 Century Avenue South
Saint Paul MN 55119

St. Stephens Bank
3950 3rd Street N.
Saint Cloud MN 56303

State Bank of Delano
1300 Babcock Blvd. East
P.O. Box 530
Delano MN 55328-0530

Wachovia Mortgage
P.O. Box 659558
San Antonio TX 78265-9558

Wells Fargo Home Mortgage
P.O. Box 1225
Charlotte NC 28201-1225

Hennepin County Treasurer
A-600 Government Center
Minneapolis MN 55487-0060

Kandiyohi County
PO Box 896
Willmar MN 56201-0896

Wright County Auditor
10 Second Street NW
Room 232
Buffalo MN 55313-1194

Amanda Porter c/o
Tony Johnson, Blainey &
Ledin
990 Inwood
Oakdale MN 55128

Bank of America
P.O. Box 15726
Wilmington DE 19886-5726

| | | |
|---|---|---|
| Centerpoint Energy<br>P.O. Box 1144<br>Minneapolis MN 55440-1144 | Chase<br>Cardmember Services<br>P.O. Box 94014<br>Palatine IL 60094-4014 | City Pages<br>401 North Third Street<br>Suite 550<br>Minneapolis MN 55401 |
| David Umbehocker<br>3860 Shoreline Drive<br>Wayzata MN 55391 | Marilyn Wasik<br>2925 Casco Point<br>Wayzata MN 55391 | Romer & Company<br>2318 First Avenue South<br>Minneapolis MN 55404 |
| Xcel Energy<br>P.O. Box 9477<br>Minneapolis MN 55484-9477 | Donald Driggs<br>2925 Casco Point<br>Wayzata, MN 55391 | |