# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In re:**

| | |
|---|---|
| **Donald Andrew Driggs,** | **Bky. No. 08-41984** |
| **Debtor.** | **Chapter 11 Case** |

## UNITED STATES TRUSTEE'S
## OBJECTION TO DISCLOSURE STATEMENT

COMES NOW the United States Trustee through his undersigned attorney and objects to the proposed disclosure statement submitted by the Debtor. In support of his objection, he states the following:

1. A hearing has been scheduled in this matter on September 8, 2008, at 1:30 p.m.

2. This objection arises under 11 U.S.C. § 1125(b) and FED. R. BANKR. P. 3017. The United States Trustee has standing to object pursuant to 11 U.S.C. § 307.

3. The United States Trustee objects because the debtor is delinquent on submitting his operating reports for April, June and July 2008. Parties who wish to compare the debtor's representations in the disclosure statement and plan with his operating reports will not be able to do so unless the debtor becomes current.

4. The disclosure statement and plan lacks any financial information. Missing information includes:

    a. Historical cash flow financials of the debtor;

    b. Cash flow financials of the debtor during the chapter 11 case;

    c. Projected cash flow financials of the debtor;

    d. Disclosure of monthly payments for each class. (Debtor gives interest

1

rates and terms, but does not break down the monthly payments).

5. The basis for the valuations used by the debtor. The disclosure statement states that the debtor is actively looking for an expert to support its values. The lack of any explanation for how the present values were obtained and by what analysis makes the valuation and any expect that will be obtained in the future to be contrived.

6. No legal real estate descriptions are included in the plan or disclosure statement, such information may be necessary to make the plan enforceable outside of the bankruptcy court's jurisdiction.

7. On several descriptions of secured classes, the amount of the principle to be paid does not match. For example, on Class 9, it states the claim is $ 647,627.88 and is fully secured. However, the principal to be paid is only $ 155,674 without any further explanation. Same with Class 13, but it appears to be a typo in that instance.

8. In Class 8, the disclosure statements provides that the creditor has to release its mortgage on plan confirmation, which doesn't make sense because the debtor is going to be making future payments.

9. In Class 15, it is not clear if the debtor is surrendering any interest it has in the property, including any redemption interest.

10. The description of Class 16 is missing.

11. In Class 17, it is not clear what the debtor's intentions are. It states that it disputes the lien, but is paying $12,000 of the lien? It also does not state what will become of the deficiency.

12. In Class 18, the debtor also states it disputes the lien, but is paying the entire claim. It is not clear why.

13. Exhibit A, which purports to be listing of executory contracts, is either blank or

2

the debtor has none. It is not clear which.

    14. The liquidation analysis under Exhibit B is inadequate. The debtor needs to schedule its values and claims.

    WHEREFORE, the United States Trustee requests that the Bankruptcy Court not approve the disclosure statement and proposed plan submitted by the Debtor until his objections are met.

Dated: August 29, 2008

    HABBO G. FOKKENA
    United States Trustee
    Region 12

    /e/Sarah J. Wencil
    Sarah J. Wencil
    Trial Attorney
    Office of U.S. Trustee
    Iowa Atty. No. 14014
    U.S. Courthouse, Suite 1015
    300 South Fourth Street
    Minneapolis, MN 55415
    TELE: (612) 664-5500
    FAX: (612) 664-5516

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| **Donald Andrew Driggs,** | **Bky. No. 08-41984** |
| **Debtor.** | **Chapter 11 Case** |

**UNITED STATES TRUSTEE'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**OBJECTION TO DISCLOSURE STATEMENT**

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. *In re Monnier Bros.,* 755 F.2d 1336, 1342 (8th Cir. 1985).

Section 1125(b) provides that a written disclosure statement must contain adequate information. 11 U.S.C. § 1125(b). "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan;

11 U.S.C. 1125(a)(1).

Section 1125(a)(1) leaves the bankruptcy court with wide discretion to determine whether a disclosure statement complies with the adequate information requirement. *In re Dakota Rail, Inc.,* 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (citing *In re Texas Extrusion Corp.,* 844 F.2d 1142, 1157 (5th Cir.), *cert. denied,* ___ U.S. ___, 109 S. Ct. 311, 102 L. Ed. 2d 330 (1988)). A non-exhaustive list of the types of factors to be included in a disclosure statement may be found in *Dakota Rail*. 104 B.R. at 142-43; LAWRENCE P. KING, 7 COLLIER ON BANKRUPTCY ¶ 1125.02[2], at 1125-10 (15th ed. 1997); *see also In re Haukos Farms, Inc.,* 68

1

B.R. 428 (Bankr. D. Minn. 1986).

In this case, the disclosure statement and proposed plan should not be approved unless the debtor is current on the operating reports. An informed decision about the plan cannot be made unless the debtor is current in reporting its operations. *See Clarkson v. Cooke Sales and Serv. Co. (In re Clarkson),* 767 F.2d 417, 420 (8th Cir. 1985) ("The [debtor's] failure to file operating reports or audit reports makes informed expectations about the plan's success virtually impossible.... [T]he absence of financial data and certain sources of income for the [debtors] indicates the absence of a reasonable likelihood of rehabilitation."). Paying the quarterly fee is a specific element to confirm a plan under 11 U.S.C. § 1129(a)(12). Likewise, delinquencies in operating reports and quarterly fees are specific cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(F) and (K). The debtor should not be permitted to proceed unless the debtor is current and on track for confirmation.

The remaining objections by the United States Trustee relate to missing items that are generally required in disclosure statements and/or plans, such as financials, *see In re Dakota Rail,* 104 B.R. at 142-43, or relate to confusing explanations or typographical errors. It is reasonable to require the debtor to fix his disclosure statement and plan to address these deficiencies, as corrections will make it easier for voters to understand the plan and its proposed treatment of their claims.

Dated: August 29, 2008                              HABBO G. FOKKENA
                                                    United States Trustee Region 12

                                                     /e/ Sarah J. Wencil
                                                    Sarah J. Wencil
                                                    Trial Attorney
                                                    Office of U.S. Trustee
                                                    Iowa Atty. No. 14014
                                                    U.S. Courthouse, Suite 1015
                                                    300 South Fourth Street
                                                    Minneapolis, MN 55415
                                                    TELE: (612) 664-5500

2

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

**In re:**

| | |
|---|---|
| **Donald Andrew Driggs,** | **Bky. No. 08-41984** |
| **Debtor.** | **Chapter 11 Case** |

**CERTIFICATE OF SERVICE**

The undersigned states that she electronically filed the United States Trustee's objection to disclosure statement, and thereby cause to be served electronically, the following individuals:

- Alice A Blanco bkmail@mccalla.com
- Christopher A Camardello ccamardello@winthrop.com
- Corey J. Eilers ndonahue@koepkelawgroup.com, mkisielius@koepkelawgroup.com
- James A Geske jgeske@wilfordgeske.com, rtipler@wilfordgeske.com;mroue-chambers@wilfordgeske.com
- David G Hellmuth dhellmuth@hjlawfirm.com
- Lorie A. Klein klein@moss-barnett.com, montpetitm@moss-barnett.com
- Joe M. Lozano notice@bkcylaw.com
- Jamie R. Pierce jpierce@hinshawlaw.com, akulbeik@hinshawlaw.com;msandback@hinshawlaw.com
- James A. Rubenstein rubenstein@moss-barnett.com, montpetitm@moss-barnett.com
- Thomas G. Wallrich twallrich@hinshawlaw.com,;jaudette@hinshawlaw.com
- James L. Wiant jwiant@Rnoon.com

Executed on August 29, 2008                               /s/ Sarah J. Wencil
                                                          Sarah J. Wencil
                                                          Office of the US Trustee

3

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In re:**

**Donald Andrew Driggs,**           **Bky. No. 08-41984**

       **Debtor.**              **Chapter 11 Case**

## ORDER

On _____, 2008, the adequacy of the debtor's disclosure statement and objections thereto came for hearing before the undersigned.

Based upon a review of the files, pleadings and record of this case,

IT IS HEREBY ORDERED:

The disclosure statement is not approved under 11 U.S.C. § 1125.

Dated: _____

                                         The Honorable Gregory F. Kishel
                                         United States Bankruptcy Court