UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. Case No. 08-41984-GFK |
| Donald Andrew Driggs, | Chapter 11 Case |
| Debtor. | |

**OBJECTION OF COMMERCE BANK TO DISCLOSURE STATEMENT**

To:  All parties in interest as specified in Local Rule 9013-3(b)

Commerce Bank, a Minnesota state banking corporation (the "Bank"), for its objection to the Debtor's Disclosure Statement (the "Disclosure Statement") pertaining to a Plan of Reorganization signed by the Debtor on July 31, 2008 (the "Plan"), by its undersigned counsel, states to the Court as follows:

**I.   THE INDEBTEDNESS.**

1. As of the Petition Date, the Debtor was indebted to the Bank pursuant to four Promissory Notes (hereinafter referred to as "Note A," "Note B," "Note C" and "Note D," respectively, and collectively referred to as the "Notes"), as follows:

| Note | Date of Note | Original Principal Amount | Principal Balance as of March 4, 2008 | Interest and Fees Through March 19, 2008 | Total Due as of March 19, 2008 |
|---|---|---|---|---|---|
| Note A | 06/29/2007 | 501,109.13 | 501,109.13 | 42,793.48 | 543,902.61 |
| Note B | 09/24/2004 | 50,000.00 | 50,000.00 | 1,662.64 | 51,662.64 |
| Note C | 06/04/2004 | 150,000.00 | 149,977.97 | 4,987.31 | 154,965.28 |
| Note D | 07/31/2007 | 175,000.00 | 159,370.17 | 16,373.02 | 175,743.19 |
| | | | | **Grand Total:** | **926,273.72** |

2. Note A is secured by a perfected first Mortgage and a perfected Assignment of Leases and Rents on the real property of the Debtor located in Hennepin County, Minnesota described as follows: Lot 6, Block 16, Calhoun Park, Hennepin

1224114v1

County, Minnesota, with a street address of 3022 Hennepin Avenue, known as the Suburban World Theater.

3. To secure Notes B, C and D, the Debtor executed and delivered to the Bank various real estate mortgages granting the Bank mortgages on the Debtor's properties located at:

a. **3201 Hennepin Avenue**, Minneapolis, Minnesota. A single family home, according to the Debtor.

b. **3245 Hennepin Avenue South**, Minneapolis. Rental property with four residential units, according to the Debtor.

c. **3253 Holmes Avenue South**, Minneapolis, Minnesota. Rental property with four residential units, according to the Debtor.

d. **3990 Sunset Drive**, Spring Park, Minnesota. Rental property with three residential units, according to the Debtor.

e. **2925 Casco Point Road**, Orono, Minnesota. Debtor's homestead, according to the Debtor.

f. **4400 Deering Island**, Orono, Minnesota. Unoccupied residential property, according to the Debtor.

g. **809 Portland Avenue**, St. Paul, Minnesota. Rental property with four residential units, according to the Debtor.

(herein and collectively the "Subordinate Mortgaged Properties").

4. As further security for Note B and Note D, the Debtor executed and delivered to the lender Assignments of Leases and Rents dated September 29, 2004 and July 31, 2007, respectively.

5. As further security for all of the Notes, the Debtor executed and delivered to the Bank a Commercial Security Agreement dated March 29, 2004 granting a security interest to the Bank in, among other things, the Debtor's accounts and other rights to payment, inventory, equipment, instruments, chattel paper and general

intangibles (the "Personal Property Security Interest").  The security interest specifically extends to deposit accounts and to a purchase money security interest in all business assets, including all restaurant equipment located at 3022 Hennepin Avenue, Minneapolis, Minnesota 55408.

6. To perfect its Personal Property Security Interest, a UCC-1 Financing Statement was filed with the Office of the Secretary of State of Minnesota on April 1, 2004 and assigned Document No. 200411214386.

**OBJECTION**

7. The Bank objects to the adequacy of the Disclosure Statement on the following grounds:

   a. The Plan is not feasible because the Bank does not consent to the treatment proposed for it.  In voting whether to accept or reject a Plan, those creditors entitled to vote should know whether the Plan has a realistic prospect of being confirmed and implemented.

   b. The Plan described in the Disclosure Statement provides that the Bank, and certain other secured creditors will receive monthly payment of interest and/or principal and interest.  No financial information is provided as to the pre-petition operations of the Debtor, its operations in Chapter 11, or its projected operations following confirmation.  Creditors need this information to make an informed judgment as to whether the Debtor can meet the obligations it is undertaking pursuant to the Plan.

   c. With respect to the description of the claims of the Bank (Classes 14.A., 14.B., 14.C. and 14.D.) in the Plan, the Debtor has the following specific objections to the adequacy of disclosure:

      i. As to Class 14.A., the Debtor incorrectly states that the original term of the Note expires on March 31, 2034.  The original term of the Class 14.A. Note expired December 29, 2007.

      ii. As to the Class 14.D. Note, the Debtor incorrectly states that its original principal amount is $60,000.  The Debtor is incorrect.  The original principal amount of the Note, which is Note D, is $175,000.

      iii.    The Debtor is incorrect that the mortgage securing Note D on the 809 Portland property is in third position of priority. The mortgage is in fact second position.

      iv.    The Disclosure Statement incorrectly describes the status of the Bank's mortgage and its Assignment of Leases and Rents on property known as 3990 Sunset. For the Torrens portion of this property (Lot 26, Togo Park, Lake Minnetonka), the mortgage in favor of the Bank is in third position behind the mortgage of Citi Mortgage in the original principal amount of $560,000 and that of Crown Bank in the original principal amount of $200,000.

                Commerce Bank's mortgage was not recorded against the abstract portion of the property (Lot 13, Skarp and Lindquist's Hazeldell Addition to Minnetonka). Because of the differing perfection and rank of mortgages on the abstract and the Torrens portion of the 3990 Sunset Property, the Disclosure Statement should describe and evaluate the Torrens portion and the abstract portion separately.

      v.    Neither the Disclosure Statement nor the Plan disclose the secured claim of the Bank based upon the Personal Property Security Interest, nor its proposed treatment.

      vi.    Additional issues exist with respect to the Debtor's allegations as to the priority, perfection, validity and enforceability of various mortgages and assignments of rent the Debtor granted to the Bank prior to the Petition date. The existence of these disputes and whether their resolution is adverse to the Debtor will impact the Debtor's ability to follow the Plan should be disclosed.

      vii.    The Debtor, in an apparent typographical error, states that the redemption period for the 3253 Holmes property expires on October 11, 2004. Upon information and belief, the expiration period is October 11, 2008.

    d.    In attributing value to the various parcels of real estate in the Debtor's estate, the Debtor frequently uses the following phrase or language similar to it: "for the purposes of the Plan, the fair market value of the [name of property] will be deemed to be $_____." The Debtor discloses no basis on which it reaches these value amounts. The Debtor should either disclose that it is merely picking an arbitrary number as the "declared" value, or disclose the good

     faith efforts it has made to estimate the fair market value of the property, and the basis for these estimates.

  e. The so-called liquidation analysis is entirely conclusory and it does not describe the assets, their value, or any of the assumptions used in making the liquidation analysis.

  f. The following three LLCs are identified by the Debtor in his Schedules with values as follows:

    i. Black Lake, LLC:  $500,000.

    ii. Great Suburban World Theater, LLC:  $0.00.

    iii. One Mile Long, LLC:  $300,000.

  The only reference in the Disclosure Statement or the Plan to One Mile Long, LLC is in the description of Class 13.  The entity is identified as the owner of certain real estate, but the fact that this LLC is owned by the Debtor is not disclosed.  Neither Black Lake, LLC nor Great Suburban World Theater, LLC are mentioned at all.  A disclosure statement should contain a complete description of the available assets and their value.  The Debtor's Disclosure Statement should do so with respect to these LLCs and any other assets not otherwise disclosed.

8. In the event that the hearing on this Disclosure Statement is continued, or the Debtor submits an amended Disclosure Statement, the Bank reserves the right to file and serve additional objections to the Disclosure Statement, as it may be amended, and to raise additional objections at any continued hearing on the adequacy of the Disclosure Statement.

Based on the foregoing and the Memorandum of Law submitted with this Motion, the Bank respectfully requests that approval of the Debtor's Disclosure Statement be denied.

Dated:  September 3, 2008

Respectfully submitted,

MOSS & BARNETT
A Professional Association

By /e/ James A. Rubenstein
   James A. Rubenstein, #94080
   Lorie A. Klein, #311790
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone:  (612) 877-5000
**Attorneys for Commerce Bank**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. Case No. 08-41984-GFK |
| Donald Andrew Driggs, | Chapter 11 Case |
| Debtor. | |

## VERIFICATION

I, Brian Mallak, Senior Vice President of Commerce Bank, declare under penalty of perjury that the factual information in the foregoing Objection of Commerce Bank to the Adequacy of the Disclosure Statement is true and correct according to the best of my knowledge, information and belief.

Executed on: 9/03/2008 , 2008    By: [signature]

1224114v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   Bky. Case No. 08-41984-GFK

Donald Andrew Driggs,   Chapter 11 Case

Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION OF COMMERCE BANK TO THE DEBTOR'S DISCLOSURE STATEMENT**

Commerce Bank (the "Bank") submits this Memorandum of Law in support of its objection to the Disclosure Statement of the Debtor filed on July 31, 2008 (the "Disclosure Statement").

**APPLICABLE LAW**

**A.   Adequate Information – In General**

Section 1125(b) of the Bankruptcy Code requires the Court to approve a written disclosure statement as containing "adequate information" before the plan proponent may solicit the acceptance or rejection of a chapter 11 plan.  See 11 U.S.C. § 1125(b). The phrase "adequate information" is defined as follows:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class[1] to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

---

[1] An "investor typical of holders of claims or interest of the relevant class" means an investor having: (A) a claim or interest of the relevant class; (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and (C) such ability to obtain such information from sources other than the disclosure required by §1125 of the Bankruptcy Code as holders of claims or interests in such class generally have.  See 11 U.S.C. §1125(a)(2).

1224114v1

See 11 U.S.C. § 1125(a)(1). The "statutory definition of 'adequate information' leaves the bankruptcy court wide discretion to determine on a case by case basis whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail." See In re Dakota Rail, Inc., 104 B.R. 138, 143 (Bankr. D. Minn. 1989)(citations omitted).

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. Id. at 142 (citing In re Monnier Bros., 755 F.2d 1336, 42 (8th Cir. 1985)); In re Monroe Well Service, Inc., 80 B.R. 324, 330 (Bankr. E.D. Pa. 1987) (same); see also In re Cardinal Congregate I, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990) ("Generally, a disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan or reorganization."). In Dakota Rail, the court provided a non-exclusive and non-exhaustive list of nineteen categories of information that typically should be included in a disclosure statement. In re Dakota Rail, 104 B.R. at 142-43. Among the categories listed by the court are:

(i)     a complete description of the available assets and their value;

(ii)    the anticipated future of the debtor;

(iii)   the condition and performance of the debtor while in Chapter 11;

(iv)   the accounting and calculation methods used to produce the financial information in the Disclosure Statement;

(v)    any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(vi)   information relevant to the risks being taken by the creditors and interest holders; and

(v)    the relationship of the debtor with affiliates.

1224114v1                                          2

Id. (citing In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988)); In re Cardinal Congregate I, 121 B.R. at 765.  This list has been described as a "yardstick against which the adequacy of disclosure may be measured," but the precise information required will be governed by the particular facts of each case.  Id.  The Disclosure Statement fails to meet the applicable standard for "adequate information" under § 1125 of the Bankruptcy Code.

B.   **Lack of Adequate Information**

The Disclosure Statement fails to provide the unsecured creditors with adequate information, as is more fully outlined in the Objection.

## CONCLUSION

Based on the foregoing, the Bank respectfully requests that the Court sustain its objections to the Disclosure Statement and provide such other relief as the Court deems just and equitable.

Dated:  September 3, 2008

Respectfully submitted,

MOSS & BARNETT
A Professional Association

By /e/ James A. Rubenstein
   James A. Rubenstein, #94080
   Lorie A. Klein, #311790
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone:  (612) 877-5000
**Attorneys for Commerce Bank**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                   Bky. Case No. 08-41984-GFK

Donald Andrew Driggs,                                                        Chapter 11 Case

        Debtor.

Maureen A. Montpetit, employed by Moss & Barnett, with office address of 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, MN 55402, declares under penalty of perjury that on September 3, 2008, I caused the following documents: **(1) Objection of Commerce Bank to Disclosure Statement; (2) Verification; (3) Memorandum of Law; and (4) Certificate of Service** to be filed electronically with the Clerk of Bankruptcy Court through ECF, and that the following has been served with a copy of said documents through notification by ECF or by first class mail:

Jamie R. Pierce, Esq.
Hinshaw & Culbertson LLP
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
jpierce@hinshawlaw.com
Attorneys for Debtor

Sarah J. Wencil
Office of the U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
ustpregion12.mn.ecf@usdoj.gov
Sarah.J.Wencil@usdoj.gov

James L. Wiant, Esq.
Rinke-Noonan
1015 West St. Stephen State Bank
1015 West St. Germain St., Suite 300
P. O. Box 1497
St. Cloud, MN 56302
jwiant@rnoon.com
Attorneys for St. Stephen State Bank

Corey J. Eilers, Esq.
Koepke Law Group, P.A.
3161 Fernbrook Lane, N.
Plymouth, MN 55447
ceilers@koepkelawgroup.com
Attorneys for Home Federal Savings Bank

Joe M. Lozano, Jr., Esq.
Brice, Vander Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 350
Dallas, TX 75243
jml@bvwlaw.com
Attorneys for CitiMortgage, Inc.

James A. Geske, Esq.
Wilford & Geske
7650 Currell Blvd., Suite 300
Woodbury, MN 55125
JGeske@wilfordgeske.com

1224114v1

| | |
|---|---|
| David G. Hellmuth, Esq.<br>Hellmuth & Johnson, PLLC<br>10400 Viking Drive, Suite 500<br>Eden Prairie, MN 55344<br>dhellmuth@hjlawfirm.com<br>*Attorneys for Crown Bank* | Christopher A. Camardello, Esq.<br>Daniel C. Beck, Esq.<br>Winthrop & Weinstine, P.A.<br>225 South Sixth Street, Suite 3500<br>Minneapolis, MN 55402<br>ccamardello@winthrop.com<br>*Attorneys for State Bank of Delano* |

Executed:  September 3, 2008     Signed:  /e/ Maureen A. Montpetit
                                                       Maureen A. Montpetit