UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:

Donald Andrew Driggs,                                    Chapter 11

            Debtor.                                    Case No. 08-41984-GFK
_____

**STATE BANK OF DELANO'S REPLY TO THE DEBTOR'S RESPONSE TO
STATE BANK OF DELANO'S MOTION FOR RELIEF FROM STAY**
_____

**Introduction**

The Debtor's objection to State Bank of Delano's motion for relief from stay should be overruled. First, the law requiring secured creditors to perfect security interests by delivering title to the State applies to "titled watercraft." The Boat is not a titled watercraft. Therefore, the UCC applies, under which, the Bank properly perfected its security interest in the Boat. Second, the Loan was made under Minn. Stat. § 47.59, which expressly supersedes Minn. Stat. § 334 and which caps interest at over 20%. Therefore, the Loan's interest rate of 12% is not usurious. Third, no adversary proceeding is necessary to determine whether the Bank is entitled to relief from stay. By the Debtor's logic, every motion for relief from stay would be a determination of the validity of a security interest, and therefore require an adversary proceeding. This is not what the Rules of Bankruptcy Procedure intended and is certainly not the practice in this District.

**I.     The Bank has a properly perfected security interest in the Boat.**

The Debtor argues that the Bank does not have a properly perfected security interest in the Boat because Minn. Stat. § 86B.880 requires the Bank to identify itself on

the Boat's certificate of title. That statute, however, only applies to "titled watercraft." And "titled watercraft" is defined as a watercraft "required to have a certificate of title." Minn. Stat. § 86B.820, subd. 13. Boats manufactured before August 1, 1979, are not required to have a certificate of title. Minn. Stat. § 86B.825, subd. 2(8). The Boat was manufactured before August 1, 1979. Therefore, the Boat is not "required to have a certificate of title," and is not a "titled watercraft." Thus, the Bank need not comply with § 86B.880.

Instead, the UCC applies because this transaction is one that creates a security interest in personal property by contract. Minn. Stat. § 336.9-109(a)(1). To perfect a security interest in personal property, a secured creditor must file a financing statement (Minn. Stat. § 310(a)) with the secretary of state (Minn. Stat. § 501(a)). The parties do not dispute that the Bank filed a UCC-1 Financing Statement with the Minnesota Secretary of State regarding the Boat. Therefore, the Bank has a properly perfected security interest in the Boat.

## II.     The Loan's interest rate is not usurious.

The Debtor asserts that the Loan is usurious because the annual interest rate of 12% exceeds the limit on interest rates set forth in Minn. Stat. § 334.011. But under the express terms of the Note, the Loan was made under Minn. Stat. § 47.59. (See "Section Disclosure" on page 2 of the Note.) Section 47.59, subd. 2, states that § 334 (on which the Debtor relies) does not apply to extensions of credit made according to § 47.59. Therefore, § 47.59 (and not § 334.011) applies to this transaction. The limit on interest

2

rates under § 47.59 is over 20%. Therefore, the 12% interest rate on the Note is not usurious.

### III. No adversary proceeding is necessary to determine whether the Bank is entitle to relief from stay.

The Debtor claims that the Bank's Motion is a request to determine the validity of a lien, and therefore an adversary proceeding is necessary. The Bank is not asking for a determination of the validity of its lien, it is asking for relief from the automatic stay. If, as part of the Court's decision to grant relief from stay, the Court must determine whether the Bank's security interest is perfected, then the Court should do so now. No purpose is served by requiring the parties to commence an adversary proceeding when the Court already has all of the information needed to determine the Bank's Motion. Moreover, under the Debtor's logic, every secured creditor's motion for relief from stay would be a request to determine the validity of a lien and would require an adversary proceeding. This cannot be what the Rules of Bankruptcy Procedure intended and it is certainly not the practice in this District. In short, requiring an adversary proceeding would be a waste of judicial resources.

Dated:  September 12, 2008　　　　　　　　　WINTHROP & WEINSTINE, P.A.

　　　　　　　　　　　　　　　　　　　　　By:   /e/ Michael A. Rosow
　　　　　　　　　　　　　　　　　　　　　　　Daniel C. Beck, #192053
　　　　　　　　　　　　　　　　　　　　　　　Michael A. Rosow, #317998

　　　　　　　　　　　　　　　　　　　　　225 South Sixth Street
　　　　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55402
　　　　　　　　　　　　　　　　　　　　　612-604-6649

　　　　　　　　　　　　　　　　　　　　　Attorneys for State Bank of Delano

4028878v1

3