UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                          Bky. Case No. 08-41984-GFK

Donald Andrew Driggs,                                                                Chapter 11 Case

   Debtor.

**CONTINUING OBJECTION OF COMMERCE BANK
TO DEBTOR'S AMENDED DISCLOSURE STATEMENT**

To:   All parties in interest as specified in Local Rule 9013-3(b)

Commerce Bank, a Minnesota state banking corporation (the "Bank"), for its continuing objection to the Debtor's First Amended Disclosure Statement (the "Disclosure Statement") pertaining to the Debtor's First Modified Plan of Reorganization filed on September 19, 2008 (the "Plan"), by its undersigned counsel, states to the Court as follows:

1.    On September 3, 2008, the Bank filed its initial objection to the Debtor's initial disclosure statement. The Bank incorporates by reference its previous objection and the memorandum of law filed with the Objection (Docket No. 69).

2.    The Bank has continuing objections to the adequacy of the Disclosure Statement on the following grounds:

   a.   <u>Assessment of Feasibility</u>.  The Plan is not feasible because the Bank does not consent to the treatment proposed for it.  In voting whether to accept or reject a Plan, those creditors entitled to vote should know whether the Plan has a realistic prospect of being confirmed and implemented

   b.   <u>Financial Information</u>.  No financial information is provided as to the pre-petition operations of the Debtor.

      i.   The projections in the Disclosure Statement as to future operation of the Debtor should further disclose the identity of

1253369v1

        the entities and individuals who prepared the projections, as well as underlying assumptions used in preparing the projections.

  c.   <u>Projected Disposable Income</u>.  A disclosure statement in an individual Chapter 11 case should set forth the projected disposable income of the Debtor for at least the five years beginning on the date the first payment is due under the Plan as called for in 11 U.S.C. § 1129(a)(15).

  d.   <u>Property Values</u>.  The Disclosure Statement should reveal the analysis used in reaching the real property "deemed" values used throughout the Disclosure Statement.  Additional information is needed concerning the basis of these valuations, the underlying assumptions and the identity of the individuals upon whose evaluations the Debtor intends to rely.

  e.   <u>Tax Consequences</u>.  The Disclosure Statement should address the tax consequences to the Debtor more fully.  See 11 U.S.C. § 1125(a)(1).

  f.   <u>Personal Property</u>.  Neither the Disclosure Statement nor the Plan discuss treatment of the secured claim of the Bank based upon the Bank's perfected security interest in virtually all of the Debtor's personal property.

  g.   <u>Liquidation Analysis</u>.  The liquidation analysis is insufficient in that it makes no mention of Great Suburban World, LLC, an asset of the Debtor, nor does it refer to any personal property of the Debtor.  In addition, information is needed disclosing who participated in preparing the liquidation analysis and what underlying assumptions were used.

  h.   <u>Disputed Issues and the Consequences of Resolution Adverse to the Debtor</u>.

      i.   The Disclosure Statement contains numerous allegations regarding the conduct of the Bank prior to the filing of the Chapter 11 petition, and the validity of certain secured claims of the Bank.  The Disclosure Statement should note that the Bank disagrees with the description of its conduct and with the legal position taken by the Debtor with respect to its secured claims.  The Disclosure Statement should also discuss how an adverse resolution of these issues would affect the ability of the Debtor to perform under the Plan.

    ii.  The Disclosure Statement makes certain claims that properly recorded Assignments of Rent the Debtor executed in favor of the Bank are not enforceable because, according to the Debtor, the initial principal balance on the loan secured by the Assignments of Rent is less than $100,000.  The Bank knows of no legal basis on which this claim could be made in view of the fact that the notes secured by the Assignments of Rent are, on their face, in excess of $100,000.  The Disclosure Statement should at least note the existence of a dispute as to this matter and describe the consequences to Debtor's performance under the Plan should the Debtor's theory prove to be incorrect.

    i.  <u>Post-Petition Property</u>.  The Disclosure Statement should identify any property of the estate acquired since the commencement of the case, as provided in 11 U.S.C. § 1115.

  3.  In the event that the hearing on the Disclosure Statement is continued, the Bank reserves the right to file and serve additional objections to the Disclosure Statement, as it may be amended, and to raise additional objections at any continued hearing on the adequacy of the Disclosure Statement.

  Based on the foregoing, the Memorandum of Law submitted with the Bank's initial objection in this matter and the file and records of the case, the Bank respectfully requests that approval of the Debtor's Disclosure Statement be denied.

           Respectfully submitted,

           MOSS & BARNETT
           A Professional Association

Dated:  November 6, 2008

           By <u>/e/ James A. Rubenstein</u>
            James A. Rubenstein, #94080
            Lorie A. Klein, #311790
           4800 Wells Fargo Center
           90 South Seventh Street
           Minneapolis, MN 55402-4129
           Telephone:  (612) 877-5000
           **Attorneys for Commerce Bank**

## NO VERIFICATION REQUIRED

No facts in the objection are at issue because they are drawn from the Debtor's own documents and the file and record herein. Accordingly, no verification is required pursuant to Local Rule 7013-2(a)(2).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:     Bky. Case No. 08-41984-GFK

Donald Andrew Driggs,     Chapter 11 Case

    Debtor.

Maureen A. Montpetit, employed by Moss & Barnett, with office address of 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, MN 55402, declares under penalty of perjury that on November 6, 2008, I caused the following documents:  **(1) Supplemental Objection of Commerce Bank to Debtor's [Amended] Disclosure Statement; and (2) Certificate of Service** to be filed electronically with the Clerk of Bankruptcy Court through ECF, and that the following has been served with a copy of said documents through notification by ECF or by first class mail:

Jamie R. Pierce, Esq.
Thomas G. Wallrich, Esq.
Hinshaw & Culbertson LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
jpierce@hinshawlaw.com
twallrich@hinshawlaw.com
*Attorneys for Debtor*

Sarah J. Wencil, Esq.
Office of the U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
ustpregion12.mn.ecf@usdoj.gov
Sarah.J.Wencil@usdoj.gov

James L. Wiant, Esq.
Rinke-Noonan
1015 West St. Germain St., Suite 300
P. O. Box 1497
St. Cloud, MN 56302
jwiant@rnoon.com
*Attorneys for St. Stephen State Bank*

James A. Geske, Esq.
Wilford & Geske
7650 Currell Boulevard, Suite 300
Woodbury, MN 55125
JGeske@wilfordgeske.com
*Attorneys for Wachovia Mortgage FSB fka World Savings Bank*

Joe M. Lozano, Jr., Esq.
Brice, Vander Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 350
Dallas, TX 75243
notice@bkcylaw.com
*Attorneys for CitiMortgage, Inc.*

Corey J. Eilers, Esq.
Koepke Law Group, P.A.
3161 Fernbrook Lane, N.
Plymouth, MN 55447
ceilers@koepkelawgroup.com
*Attorneys for Home Federal Savings Bank*

1253369v1

Christopher A. Camardelil, Esq.
Daniel C. Beck, Esq.
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
ccamardello@winthrop.com
dbeck@winthrop.com
*Attorneys for State Bank of Delano*

**Via Fax**
Alice A. Blanco, Esq.
McCalla Ramyer, LLC
1544 Old Alabama Road
Roswell, GA 30076-2102
Fax:  (866) 761-0279
*Attorneys for Wells Fargo Bank, N.A.*

Carole Clark Isakson, Esq.
Michael C. Glover, Esq.
Kalina Wills Gisvold & Clark PLLP
6160 Summit Drive, Suite 560
Minneapolis, MN 55430
lsakson@kwgc-law.com
glover@kwgc-law.com
*Attorneys for Heritage Bank, N.A.*

David G. Hellmuth, Esq.
Helmuth & Johnson, PLLC
10400 Viking Drive, Suite 500
Eden Prairie, MN 55344
dhellmuth@hjlawfirm.com
*Attorneys for Crown Bank*

Executed:  November 6, 2008     Signed:  /e/ Maureen A. Montpetit
                                         Maureen A. Montpetit

1253369v1                                   2